UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Frank Vennes and Greg Vennes,             Civil 05-1780 JRT/FLN

    Plaintiffs,

    v.                                            **REPORT AND RECOMMENDATION**

Ralph M. Peterson and Christian Gollman,

    Defendants.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge for a hearing on June 29, 2006, on Plaintiffs' Rule 55 Application and Motion for Default Judgment [#5].

    A.     <u>Gollman's Default</u>

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. Fed. R. Civ. P. Rule 55(a). In all other cases the party entitled to a judgment by default shall apply to the court therefor. *Id*. at Rule 55 (b)(2).

It appears to the Court, based upon the affidavit of service filed January 3, 2006, that Defendant Gollman was personally served with the summons and complaint on September 18, 2005. It further appears, from the absence of any document in the file, that Defendant Gollman has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure. Accordingly, Plaintiffs' motion for default judgment should be granted.

    B.     <u>Damages</u>

In their Complaint, Plaintiffs allege that Frank Vennes invested $120,000 in a company

owned and managed by Defendants and named McKenzie Reclamation, LLC, and Greg Vennes invested $20,000 in the company. *See* Complaint at ¶¶ 6,12. Plaintiffs allege that they made these investments in Defendants' company in reliance upon certain misrepresentations of Defendants about the value of the company. *Id.* at ¶8, 11. After receiving Plaintiffs' $140,000, the Defendants allegedly converted the money for their own use and failed to operate the company. *Id.* at ¶10. Plaintiffs make claims for conversion, misrepresentation, self-dealing and breach of fiduciary duty. *Id.* at ¶¶ 17-20. As for damages, Plaintiffs' Complaint seeks the $140,000 that Plaintiffs paid to Defendants plus "direct, indirect, consequential and related damages, plus attorneys' fees and costs." *Id*. at ¶ 21.

In response to this court's Order that Plaintiffs must submit competent evidence to support their claim for damages, Plaintiffs submitted their individual affidavits and certain documents they received from Defendants. *Id*. at ¶ 2. In his affidavit, Plaintiff Frank Vennes states that he paid $120,000 to McKenzie Reclamation, LLC, a company owned and managed by the Defendants on January 24, 2001. Exhibit 12 to Frank Vennes' affidavit bears the signature of Defendant Gollman and confirms the purchase of two Class B Units of McKenzie Reclamation Services, LLC by Frank Vennes for $120,000. Plaintiff Greg Vennes' affidavit states the he paid $20,000 to McKenzie Reclamation, LLC, on May 15, 2000. Affidavit of Greg Vennes at ¶ 2. Attached to Greg Vennes' affidavit is Exhibit A, entitled "Schedule 1.7" which indicates that Greg Vennes owns "Economic Rights in 5 Class A Units" in McKenzie Reclamation, LLC. Another exhibit indicates a $20,000 "contribution" by Greg Vennes, but no foundation has been provided for this document and the document is not entitled or labeled.

Both Plaintiffs state in their respective affidavits that had they not invested money in

Defendants' company, they would have invested their money in Metro Gem Inc., a company owned by Frank Vennes. Frank Vennes at ¶8. According to Frank Vennes' affidavit, Metro Gem Inc. has provided a return on investment of between 3-5% per month on a consistent basis for the last 10 years. Affidavit of Frank Vennes at ¶7. Thus Vennes argues, if he had invested his $120,000 in Metro Gem, he would have earned at least 3% per month, compounded quarterly, for a total return of $786,570 over his initial investment. *Id*. at ¶¶ 7 & 9. Greg Vennes claims the same calculation applies to his $20,000 investment as he too would have invested in Metro Gem had he not invested in Defendants' company. Affidavit of Greg Vennes at ¶6-8. Greg Vennes claims his return on $20,000 invested in Metro Gem would have earned $166,449 over his initial investment. *Id*. at ¶10.

In Minnesota, the general rule is that misrepresentation damages should be measured by the plaintiff's out-of-pocket loss. *See Lewis v. Citizens Agency of Madelia, Inc.*, 235 N.W.2d 831, 835 (Minn. 1975). In certain cases, however, Minnesota courts have taken a "broad view" of what constitutes out-of-pocket losses, holding that the rule permits the recovery of consequential damages proximately caused by the misrepresentation. *See Commercial Property Investments, Inc. v. Quality Inns Internat'l, Inc.*, 61 F.3d 639, 647 (8th Cir. 1995) (citing *Nave v. Dovolos*, 395 N.W.2d 393, 398 n.1 (Minn. App. 1986)). However, Minnesota courts have consistently emphasized that the point is to compensate actual losses, not prospective gains and therefore, consequential damages are constrained by the common law test of proximate cause. *Id*. Thus Minnesota courts allow consequential damages only for those damages which are the "direct and natural consequence" of the plaintiff's acting in reliance on defendant's misrepresentations. *See Lewis v. Citizens Agency of Madelia, Inc.*, 235 N.W.2d 831, 835 (Minn.

1975).

Here, Plaintiffs seek an extraordinary measure of damages that is something beyond "out-of-pocket," or consequential damages. Frank Vennes, for example seeks a return of over 600% for an investment of less than 5 ½ years, that is he seeks a total recovery of $906,570 for a $120,000 investment made in January 2001. Both he and his brother seek what is more accurately described as "lost opportunity" damages rather than "consequential damages," as they describe their damage theory. They are claiming that what they would have gained from investment in Metro Gem was a lost opportunity caused by their investment in McKenzie Reclamation Services LLC.

As a matter of first importance, there is no authority for awarding Plaintiffs their lost opportunity damages. In fact, it appears that Minnesota courts have declined to adopt such a theory in other cases. *Id.* citing *Tysk v. Griggs*, 91 N.W.2d 127, 134 (Minn. 1958)(stating that application of the "out-of-pocket" rule where "it is not a question of what the plaintiff might have gained through the transaction but what he lost by reason of defendant's deception."). Rather, Plaintiffs are limited to their out-of-pocket losses plus any consequential damages they can show were directly caused by the investment in McKenzie Reclamation Services, LLC. *See Lewis v. Citizens Agency of Madelia, Inc.*, 235 N.W.2d 831, 835 (Minn. 1975).

No damages that were directly caused by Plaintiffs' investment in Defendants' company have been identified here or supported by competent evidence. Specifically, there is no competent evidence to support Plaintiffs' claim that a $120,000 investment in Metro Gem Inc. would have grown to a value of $906, 570 in 5 ½ years and that such an investment was risk free. Even if the Court accepted this incredulous claim that Plaintiffs would have earned over a 30% annual return on this alternate investment, a lost opportunity is not a type of damage that is

a consequential damage.  *See* 3 Dan Dobbs, *Law of Remedies*, § 12.15(2) (consequential damages include those damages that are within the parties' contemplation and proved with "sufficient certainty")

    C.  <u>Recommendation</u>

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion for Default Judgment be **GRANTED** and that damages be awarded in the amount of $120,000 for Frank Vennes and $20,000 for Greg Vennes.


DATE: August 17, 2006.                      s/ *Franklin L. Noel*
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 6, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **September 6, 2006,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and therefore is not appealable to Court of Appeals.